1998-NMSC-019

961 P.2d 782

**Hon. Wendell Mark SIMS, Municipal Judge II, Las Cruces Municipal Court, Petitioner–Appellant,**

v.

**Hon. Stephen G. RYAN, Municipal Judge I, Las Cruces Municipal Court, Respondent–Appellee,**

**and**

**Reyes J. Sandoval and Ismael Garcia, Real Parties in Interest.**

No. 24002.

Supreme Court of New Mexico.

June 15, 1998.

Wendell Mark Sims, Las Cruces, Pro Se.

Almanzar & Youngers, P.A., Joleen K. Youngers, Las Cruces, for Appellee.

## OPINION

BACA, Justice.

{1} On certification from the Court of Appeals, this Court considers the Honorable Mark Sims' (Judge Sims), appeal of the district court's denial of his Petition for Writ of Superintending Control. NMSA 1978, § 34–5–14(C) (1972). Judge Sims petitioned for a writ to prohibit the Honorable Judge Stephen Ryan (Judge Ryan), Presiding Judge of the Las Cruces Municipal Court, from sentencing, or voiding the sentences of defendants who appeared before Judge Sims or any other municipal court judge. We granted certiorari to consider the proper exercise of superintending control over lower courts. We reverse and remand the district court's decision.

### I.

{2} On August 28, 1995, Judge Sims accepted two Driving While Intoxicated (DWI), offenders' guilty pleas and sentenced the offenders after evaluating them from the bench. Thereafter, Judge Ryan, Presiding Judge of the Las Cruces Municipal Court, voided Judge Sims' sentencing on the same day, writing on the disposition document "Void—Judge Sims not authorized to impose sentence" and "Void—Judge Sims not authorized to sentence on DWI ." As Presiding Judge, Judge Ryan had an unwritten policy of requiring pre-sentence evaluations of all DWI or domestic violence offenders and conducting a weekly sentencing session. In practice, Judge Ryan personally sentenced all DWI and domestic violence offenders while the other judges sentenced remaining code violations.

### II.

{3} This Court denied Judge Sims' first Petition for Writ of Superintending Control without prejudice. Judge Sims then filed a Petition for Writ of Superintending Control with the Third Judicial District Court which the district court also denied. The district court stated that local ordinance authorizes

the Presiding Judge to establish judicial policy. The district court found Judge Ryan's procedures effectuated legitimate municipal interests and were a valid exercise of judicial policy making powers. The district court stated that since Judge Sims was bound by judicial policies, he lacked authority to sentence DWI and domestic abuse offenders absent a pre-sentence evaluation. Judge Sims then filed a Notice of Appeal with the Court of Appeals which the Court of Appeals certified to this Court as presenting issues of substantial public interest and matters of superintending control best suited for this Court's review. NMSA 1978, § 34–5–14(C)(2).

### III.

■ {4} We address whether the District Court's denial of Judge Sims' Petition for Writ of Superintending Control and Judge Ryan's exercise of superintending control over other judges in his court was proper. Since the issuance of a writ is a matter of judicial discretion, *State ex rel. Harvey v. Medler*, 19 N.M. 252, 259, 142 P. 376, 379 (1914), this Court applies the abuse of discretion standard of review in considering the district courts' actions. *State ex rel. Alfred v. Anderson*, 87 N.M. 106, 107–08, 529 P.2d 1227, 1228–29 (1975).

### A.

■ {5} Judge Ryan argues that as the Las Cruces Municipal Court's Presiding Judge, local ordinance gives him authority to establish judicial policies, including requiring evaluations, pre-sentence reports and scheduling delayed sentences. He contends that unlike other judges, the Presiding Judge takes and holds office with established supervisory authority over the part-time and alternate judges. This authority, Judge Ryan suggests, empowers the Presiding Judge to establish and enforce judicial power, to set the part-time and alternate judges' hours of attendance, and to establish what types of matters the judges hear. Therefore, Judge Ryan contends that it follows that as Presiding Judge he has the authority to establish an administrative policy that the Presiding Judge alone preside over the sentencing

docket and sentence all evaluated offenders. Moreover, Judge Ryan contends that because nothing in the local ordinance establishes any municipal judge's "ownership" of any particular offender who pleads before him or whom he adjudicates, his policies do not conflict with the other judges' sentencing authority. We disagree with Judge Ryan's contentions.

■ {6} Although judicial policymaking authority allows a Presiding Judge to set schedules, make rules of court, assign duties, and generally administratively run the court, the Presiding Judge may not strip a duly elected judge of the inherent powers associated with the position, including the power to sentence. Therefore, Judge Ryan can set schedules and require pre-sentencing responsibilities. However, Judge Ryan may not infringe on a judge's inherent power to try and sentence certain types of crimes under the rubric or guise of policy.

{7} The Las Cruces Municipal Code (Code) deems the Presiding Judge responsible for establishing judicial policy and local court rules not inconsistent with State law. (Supp. No. 8, Code 1977 Ord. No. 1218, § 3, 12–17–90). The Code also provides municipal judges with sentencing authority. (Supp. No. 8, Code 1977, Ord. No. 1218, §§ 18–25, 12–17–90). The Code, however, does not grant the Presiding Judge the authority to prohibit any other judge from sentencing DWI or domestic violence offenders. Moreover, under state statute "all judges of a judicial district have equal authority, rank and precedence." NMSA 1978, § 34–6–18 (1986). Therefore, the city council, the legislative body that created the local ordinance, could not have given the Presiding Judge such authority. Accordingly, Judge Ryan must allow Judge Sims to try and sentence defendants regardless of the type of crime allegedly committed.

### B.

{8} Next we consider whether it is proper to allow a judge, other than the judge who hears a plea, to sentence an offender. Judge Ryan argues that a judge other than the judge who hears a plea may sentence an

offender if a good reason exists and if the judge is amply familiar with the case's facts. Therefore, Judge Ryan suggests, one judge may vacate the sentence of another judge. Moreover, Judge Ryan asserts that a municipal judge does not have an inherent right to sentence those offenders who enter a plea before him or her; sentencing authority lies within the trial court and not with a particular judge. Finally, Judge Ryan contends he did not create his sentencing policies to usurp judicial sentencing authority, but created the polices merely as an exercise of his administrative authority. We disagree.

 {9} Generally, an unusual or exigent circumstance must exist for a different judge to impose a sentence. *Mack v. State,* 643 So.2d 701, 701 (Fla.Dist.Ct.App.1994). However, Judge Ryan did not argue that any such unusual or exigent circumstances exist here. Moreover, we note in accordance with the New Mexico Supreme Court's imposition of a collegiality requirement, 1997 NMRA 21–300(B)(4) and the inherent requirement of collegiality, Judge Ryan must respect other judge's sentencing authority.

### C.

{10} Finally we address whether Judge Ryan's sentencing policies foster efficiency, increase sentencing uniformity and deterrence, and inform the public about DWI and domestic violence case dispositions as Judge Ryan claims. We hold that they do not. All sentencing is already open to the press, allowing the public to be well-informed about DWI and domestic violence case dispositions. Judges should accommodate the press and keep the court as open and public as possible. However, the Presiding Judge may not accommodate the press at the expense of another judge.

### IV.

{11} In sum, we conclude that the district court's denial of Judge Sim's Petition for Writ of Superintending Control was erroneous. Judge Ryan, as Presiding Judge, may not, under the rubric or guise of policy, infringe on a judge's inherent power to try and sentences certain types of crimes.

Judge Ryan may not sentence or void defendants' sentences who appeared before Judge Sims or any other municipal court judge. Judge Ryan's actions were not a proper exercise of superintending control over lower courts. We reverse and remand the district court's decision.

{12} **IT IS SO ORDERED.**

FRANCHINI, C.J., and MINZNER, SERNA and McKINNON, JJ., concur.