**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2010-NMCA-043

Filing Date:  May 10, 2010

Docket No. 28,588

STATE OF NEW MEXICO,

        Plaintiff-Appellee,

v.

CORNELIUS WHITE,

        Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Thomas J. Hynes, District Judge

Gary K. King, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

## OPINION

**ROBLES, Judge.**

**{1}** In this case, the State filed a criminal complaint in the magistrate court, charging Defendant with felony offenses and sought to establish probable cause in a preliminary hearing in the magistrate court. When the magistrate made a finding of no probable cause, the State filed the same charges in the district court, which remanded that matter to the magistrate court for a preliminary hearing. The State then succeeded in peremptorily excusing the original magistrate from conducting the preliminary hearing. A second magistrate listened to the tape recording of the original preliminary hearing and, without

1

more evidence, made a finding of probable cause and bound Defendant to district court for trial on the felony charges. In the district court, Defendant entered into a conditional plea agreement, reserving his right to appeal. We hold that the procedures used by the State in this case to obtain a finding of probable cause before a second magistrate were improper, and we reverse Defendant's convictions.

## I. BACKGROUND

{2} Defendant was arrested on January 27, 2005, and a criminal complaint was filed in the San Juan County Magistrate Court, charging Defendant with committing two felonies: (1) a fourth or subsequent offense of driving while intoxicated and (2) battery on a police officer. NMSA 1978, § 66-8-102(H) (2004) (amended 2008); NMSA 1978, § 30-22-24 (1971). A preliminary hearing was held before Magistrate Judge James Atcitty on April 6, 2005. After hearing the State's evidence, Judge Atcitty made a finding of no probable cause on both charges, and they were dismissed. *See* Rule 6-202(C) NMRA (directing that upon completion of the preliminary hearing, if the magistrate finds "no probable cause to believe that the defendant has committed an offense, the court shall discharge the defendant"). The deputy district attorney, who presented the State's case to Judge Atcitty, stated "this is one of those cases we will refile in [d]istrict [c]ourt."

{3} The deputy district attorney then filed a second criminal complaint in district court on April 13, 2005, which was identical to the criminal complaint that was originally filed in the magistrate court. The district court remanded the new case to the magistrate court for a determination of probable cause, and the matter was assigned to Judge Atcitty. The deputy district attorney then filed a notice of peremptory excusal in the magistrate court to disqualify Judge Atcitty from conducting the probable cause hearing. In the magistrate court, Defendant objected and filed a motion on May 26, 2005, seeking an order denying the excusal of Judge Atcitty. After reciting the foregoing procedural history, Defendant's attorney alleged to the best of his knowledge and belief that "this [d]istrict [a]ttorney's [o]ffice has never filed an action in [d]istrict [c]ourt except in an attempt to [avoid] proceeding in Judge Atcitty's [c]ourt after having lost a [p]reliminary [h]earing; such action[s] show a 'bad reason' for the action of the [p]rosecutors and acts as a [l]imitation on their freedom to file actions in [d]istrict [c]ourt or [m]agistrate [c]ourt." Addressing the excusal of Judge Atcitty, Defendant asserted that "[s]uch excusal is in violation of Rule 6-106[(C) NMRA,] which expressly provides that a party cannot excuse a [j]udge after having that [j]udge perform a discretionary act. . . . The State may not now seek to excuse Judge Atcitty[.]"

{4} The case was then assigned to Magistrate Judge Stacey Biel, who set the case for a preliminary hearing on August 17, 2005. In response to Defendant's objection and motion, seeking an order denying the excusal of Judge Atcitty, Judge Biel filed an order remanding the case to the district court

> for [d]etermination if this matter can be the subject of a [p]eremptory excusal
> of . . . Magistrate Judge Atcitty[,] given that Judge Atcitty was the original
> magistrate that ruled against the State after a full preliminary hearing. The

2

State then filed the case under a new number before the [d]istrict [c]ourt which remanded to the [m]agistrate [c]ourt for a determination of [p]robable [c]ause.

Without conducting a hearing, the district court entered an order on December 15, 2005, that "any San Juan County [m]agistrate [j]udge may hear the preliminary hearing in this cause." The case was set for a preliminary hearing before Judge Biel.

{5} When the preliminary hearing was scheduled to be held on February 15, 2006, Defendant's witness was not available to testify. Judge Biel therefore stated she would listen to the tapes of the first preliminary hearing originally heard by Judge Atcitty and notify counsel of the court's probable cause decision. On February 22, 2006, Judge Biel ruled:

> Due to the unavailability of Defendant's witness, . . . the tapes from the previous preliminary hearing conducted on April 6, 2005, [before Judge Atcitty] were used. Based on the [taped] testimony presented at the preliminary hearing conducted on April 6, 2005, [before Judge Atcitty] . . . Defendant is bound over to [d]istrict [c]ourt to face the charges of 5th [a]ggravated DWI (by refusal) and [b]attery on a [p]eace [o]fficer.

Judge Biel filed a bind-over order on the charges, and the deputy district attorney, who had prosecuted the case from the beginning, filed a corresponding criminal information in the district court on October 5, 2007.

{6} As a result of this convoluted process, the State obtained from Judge Biel in 2007, what it had failed to obtain from Judge Atcitty in 2005—a probable cause determination on the same evidence—that Defendant committed the two felonies originally charged—a fourth or subsequent offense of driving while intoxicated and battery on a peace officer. Instead of a dismissal, Defendant was now required to answer to the charges in district court. In the district court, Defendant filed a motion to dismiss on October 11, 2007, based on the foregoing procedural history, and a claim that he was denied his constitutional right to a speedy trial. After the district court denied the motion, Defendant entered into a plea and disposition agreement with the State and agreed to plead no contest to the misdemeanor of a third DWI and petty misdemeanor battery and reserved "the right to appeal issues of speedy trial and procedures." The district court approved the agreement and imposed sentence. Defendant was allowed to remain released on bond pending appeal, which he timely took to this Court.

## II. DISCUSSION

{7} Defendant makes three arguments on appeal: (1) the State is barred based upon principles of collateral estoppel from presenting identical evidence in a second preliminary hearing to a second magistrate after a magistrate has already determined that there is no probable cause to bind Defendant over to district court; (2) Judge Atcitty was improperly excused under Rule 6-106 because the State had previously requested him to perform a discretionary act by conducting the first preliminary hearing; and (3) Defendant's constitutional right to a speedy

3

trial was violated because prosecution of the case took more than three years. We agree with Defendant on the first two arguments presented, which we address together. We therefore do not address Defendant's remaining argument.

## A.      Standard of Review

{8}      Whether a judge properly ruled on a party's peremptory motion to excuse "presents a mixed question of law and fact." *State v. Devine*, 2007-NMCA-097, ¶ 7, 142 N.M. 310, 164 P.3d 1009. "We review the judge's findings of historical fact using the deferential substantial evidence standard, while we review the application of the law to those facts de novo." *Id.*

## B.      Analysis

{9}      The State first contends that the record on appeal is inadequate to consider Defendant's contention, and matters outside of the record cannot be reviewed on appeal. *See, e.g.*, *State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (filed 1998). We disagree. While the record submitted to us does not contain the first criminal complaint filed in the magistrate court, or Judge Atcitty's discharge order following the first preliminary examination, the State does not dispute that either happened. Indeed, the State cites to Judge Biel's order remanding to district court, which states that "Judge Atcitty was the original magistrate that ruled against the State after a full preliminary hearing." Additionally, there are references to the first magistrate court proceeding, including Judge Atcitty's determination that there was no probable cause throughout the recorded district court hearings. Furthermore, it is beyond dispute that Judge Biel did no more than rule based on hearing the tape of the preliminary hearing before Judge Atcitty. As a result, the record is sufficiently complete for our review of the issue. We therefore address the merits of Defendant's argument.

{10}      A common way to commence a felony prosecution in New Mexico is by the filing of a complaint in the magistrate court followed by either an indictment or preliminary hearing and information. *See generally* Rule 5-201(A) NMRA (providing that a criminal prosecution may be commenced by the filing of a complaint, information, or indictment). However, the New Mexico Constitution directs that "[n]o person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies[.]" N.M. Const. art. II, § 14. Furthermore, "[n]o person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination." *Id.* Thus, whether a criminal case is commenced by the filing of a criminal complaint or information, our constitution requires that a preliminary hearing be held before an examining magistrate before an accused can be tried for a felony offense.

> This provision of our constitution is to insure that no person is deprived of his liberty without due process of law. Thus, a defendant cannot be held for trial unless a preliminary hearing has been held at which time the accused is informed of the crime charged against him and a magistrate has determined that probable cause exists to hold him.

*State v. Coates*, 103 N.M. 353, 356, 707 P.2d 1163, 1166 (1985), *abrogated on other grounds as stated in State v. Brule*, 1999-NMSC-026, ¶ 3, 127 N.M. 368, 981 P.2d 782. A preliminary hearing is considered a critical stage of the criminal proceedings against an accused, *State v. Vaughn*, 74 N.M. 365, 368, 393 P.2d 711,714 (1964), and it may be held in either magistrate or district court. Rule 5-302 NMRA; Rule 6-202 NMRA. If a complaint is filed in district court, the district court judge may remand the matter to the magistrate court for a preliminary examination. Rule 5-302(E). In fulfilling its constitutional role, a preliminary hearing "operates as a screening device to prevent hasty and unwise prosecutions and to save an innocent accused from the humiliation and anxiety of a public prosecution." *State ex. rel. Whitehead v. Vescovi-Dial*, 1997-NMCA-126, ¶ 6, 124 N.M. 375, 950 P.2d 818.

**{11}**    At the preliminary hearing, the state is required to establish, to the satisfaction of the examining judge, two components: (1) that a crime has been committed; and (2) probable cause exists to believe that the person charged committed it. *State v. Vallejos*, 93 N.M. 387, 388, 600 P.2d 839, 840 (Ct. App. 1979). Upon making this showing of probable cause, the state is permitted to file a criminal information, which then vests jurisdiction with the district court to bring the accused to trial. Rule 5-201(C) ("An information *shall* be filed [in the district court] within thirty (30) days after completion of a preliminary examination or waiver thereof unless such time is extended by the court upon motion of the district attorney.") (emphasis added); *Vaughn*, 74 N.M. at 368, 393 P.2d at 714. However, "[i]f, upon completion of the examination, it appears to the court that there is no probable cause to believe that the defendant has committed an offense, the court shall discharge the defendant." Rule 5-302(C).

**{12}**    The state may choose to seek a grand jury indictment for the same offense following an unfavorable preliminary examination. *State v. Peavler*, 88 N.M. 125, 126, 537 P.2d 1387, 1388 (1975). However, that is not the case before us. Instead, Defendant challenges the procedure used by the State to obtain a finding of probable cause in an identical preliminary hearing before a second magistrate on the same charges. Moreover, the probable cause finding in the second preliminary hearing was based upon the verbatim, identical evidence submitted to Judge Atcitty in the first hearing, who previously ruled there was no probable cause. Specifically, that procedure entailed (1) the filing of a second criminal complaint in the district court; (2) a remand of the case to the magistrate court for a probable cause hearing; (3) the filing of a peremptory excusal against Judge Atcitty to prevent him from conducting the preliminary hearing; and (4) presenting the same evidence to an alternate magistrate, Judge Biel, that was previously presented at the preliminary hearing before Judge Atcitty.

**{13}**    Rule 6-106(D) provides that, in the magistrate court, "[a] party may exercise the statutory right to excuse the judge before whom the case is pending by filing with the clerk of the court a notice of excusal." NMSA 1978, § 38-3-9 (1985) (stating that a party "shall have the right to exercise a peremptory challenge to the district judge before whom the action or proceeding is to be tried and heard" and that after the exercise of a peremptory challenge "that district judge shall proceed no further"). However, once a party has requested the magistrate to perform a discretionary act, that party loses the right to excuse the judge. Rule 6-106(C) ("A party may not excuse a judge after the party has requested that judge to perform any discretionary act other than conducting an arraignment or first appearance, setting initial conditions of release or a determination of indigency."); *JMB Retail Props. Co. v. Eastburn*, 114 N.M. 115, 118, 835 P.2d

831, 834 (1992) (construing the rule for peremptory excusal of a district judge in a civil case and adopting "a bright-line standard under which the determinative issue is whether a party has invoked the judicial discretion of the court").

**{14}** The rules of criminal procedure for district courts have a similar limitation. Rule 5-106(A) NMRA states that "[a] party may not excuse a judge after the party has requested that judge to perform any discretionary act." Construing this rule, we have previously concluded:

> [W]hen a district court decides whether probable cause exists to believe that a defendant committed the crime charged, the court has exercised discretion for the purposes of Rule 5-106(A). [The d]efendant's participation in the preliminary hearing necessarily involved the exercise of discretion on the part of [the district court judge] because [the d]efendant could have received a favorable ruling dismissing the charges against [the defendant] if [the judge] viewed the facts in a particular way, which would have been within his discretion.

*Devine*, 2007-NMCA-097, ¶ 18. The discretion exercised by a magistrate in making a probable cause determination at a preliminary hearing is no different. *Compare* Rule 5-302(C) ("If the [district] court finds that there is probable cause to believe that the defendant committed an offense, it shall bind the defendant over for trial.") *with* Rule 6-202(C)(2) ("If the [magistrate] court finds that there is probable cause to believe that the defendant committed an offense not within magistrate court trial jurisdiction, it shall bind the defendant over for trial."); *Vallejos*, 93 N.M. at 389, 600 P.2d at 841 (holding that a magistrate's determination of probable cause at a preliminary examination requires an "exercise of judgment"). The State attempts to overcome this reasoning by arguing that the second complaint filed in the district court constituted a different case, and it was therefore entitled to file its peremptory excusal against Judge Atcitty.

**{15}** We must address the issue of form over substance and determine whether two separate criminal cases, charging identical offenses against the same defendant, will be considered the same case for peremptory challenge purposes. When considering the effects of dismissal and refiling of criminal charges, our courts look past the form to the substance to determine if the second filing constitutes a new case. *See State v. Talamante*, 2003-NMCA-135, ¶¶ 8-10, 134 N.M. 539, 80 P.3d 476 (holding that two indictments charging identical offenses were the same case for speedy trial purposes); *State v. Lucero*, 108 N.M. 548, 550, 775 P.2d 750, 752 (Ct. App. 1989) ("[W]here the subsequent complaint contains no new charges or is not based on new facts or information regarding the prior charges, the original complaint is not superseded."); *State ex rel. Delgado v. Stanley*, 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972) (holding that the state must demonstrate a bona fide reason for refiling charges after dismissing those charges by filing a nolle prosequi if the defendant asserts that it was done to circumvent the six-month rule). In this case, the charges filed in district court were identical to the charges dismissed after Judge Atcitty made a finding of no probable cause in the magistrate court. We therefore conclude that the two complaints are the same case, and the State could not disqualify Judge Atcitty after it asked him to exercise his discretion in the first proceeding.

**{16}** The result of the procedure employed by the State was to allow one magistrate to overrule another magistrate on the issue of probable cause after a review of the same evidence.

This is not proper. *See Jones v. State*, 481 P.2d 169, 171 (Okla. Crim. App. 1971) ("When an examining magistrate rules that the evidence offered by the state is insufficient to hold the accused over for trial on the charge, such a ruling is binding and final on him and any other examining magistrate unless the state produces additional evidence or proves the existence of other good cause to justify a subsequent preliminary examination."); *see generally State v. Atencio*, 2004 UT App 93, 89 P.3d 191 (suggesting a difference between cases that are unable to proceed and cases where evidence is insufficient to proceed). Our constitution expresses a preference against co-equal judges reviewing decisions of each other. N.M. Const. art. VI, § 13 ("The district courts, or any judge thereof, shall have power to issue writs . . . provided, that no such writs shall issue directed to judges or courts of equal or superior jurisdiction."); *Sims v. Ryan*, 1998-NMSC-019, ¶ 6, 125 N.M. 357, 961 P.2d 782 (stating that a presiding judge "may not infringe on [another] judge's inherent power"). It is axiomatic that a party may not do indirectly that which the law does not permit directly. *Cf. Shortle v. McCloskey*, 38 N.M. 548, 550, 37 P.2d 800, 801 (1934) (holding that permitting appellants to appeal the lower court's refusal to vacate the order as opposed to appealing the order itself "would be doing by indirection what cannot be done directly" (internal quotation marks omitted)); *see State v. Darby*, 663 S.E.2d 160, 164 (Ga. 2008) ("It is a general rule that one cannot do indirectly that which the law does not allow to be done directly.") (internal quotation marks and citation omitted); *Carmell v. Texas*, 529 U.S. 513, 541 (2000) ("[F]or what cannot be done directly cannot be done indirectly." (quoting *Cummings v. Missouri*, 71 U.S. 277, 325 (1866)).

**{17}** While prosecutors have wide latitude in how they seek to prosecute cases, when there is a "bad reason" for their actions, the courts have an obligation to intervene. *State v. Ahasteen*, 1998-NMCA-158, ¶ 22, 126 N.M. 238, 968 P.2d 328 ("Prosecutors may ordinarily do what they wish[,] unless there is a bad reason for what they do, in which event the court will supervise it in a way that might prevent the prosecution." (internal quotation marks and citation omitted)). Interpreting the rules applicable to this case "with logic and common sense to avoid absurd results," *State v. Ware*, 115 N.M. 339, 342, 850 P.2d 1042, 1045 (Ct. App. 1993), we conclude that it was error for the district court to order a magistrate to conduct a second probable cause determination, a point which the district court acknowledged as a "huge mistake," yet failed to correct at a subsequent hearing on a motion to dismiss. Further, it was error to allow the State to peremptorily excuse Judge Atcitty from conducting the preliminary hearing after remand from the district court in the new proceeding.

**{18}** In accordance with our discussion, we hold that the probable cause determination conducted by Judge Biel was improper. As a result, Defendant could not enter a plea, conditional or otherwise, based on an information not supported by probable cause. *See* Rule 5-302(C) ("If . . . there is no probable cause . . ., the court shall discharge the defendant."). Defendant's convictions must be set aside.

## III. CONCLUSION

**{19}** This matter is remanded to the district court for further proceedings in accordance with this Opinion.

**{20}** **IT IS SO ORDERED.**

7

_____

**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

**Topic Index for** _State v. White_**, No. 28,588**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-CA | Collateral Attack or Estoppel |
| CA-PH | Preliminary Hearing |
| CA-PA | Probable Cause |
| CA-RD | Right to Speedy Trial |
| | |
| **CT** | **CONSTITUTIONAL LAW** |
| CT-NM | New Mexico Constitution, General |
| | |
| **JD** | **JURISDICTION** |
| JD-MC | Magistrate Court |
| | |
| **JG** | **JUDGES** |
| JG-AD | Abuse of Discretion |
| JG-EX | Excusal or Recusal |
| JG-SJ | Successor Judges |