This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　**NO. 29,175**

**MARTIN NEVAREZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando Macias, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant, a youthful offender sentenced as an adult, has appealed from his convictions for second degree murder, shooting at or from a motor vehicle causing no great bodily harm, and tampering with evidence. In his docketing statement, Defendant argued that the district court erred by denying his pretrial request for a jury determination of his amenability to treatment as a juvenile and to require that the State prove his non-amenability beyond a reasonable doubt. [DS 4] We assigned this case to the general calendar. Before briefing began, this Court issued an opinion in *State v. Rudy B.*, 2009-NMCA-104, ¶¶ 1, 53, 147 N.M. 45, 216 P.3d 810, in which we decided that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to amenability hearings of youthful offenders and, therefore, requires a jury to determine the facts necessary to impose an adult sentence. The New Mexico Supreme Court granted certiorari review of *Rudy B.* Upon this Court's own motion, we issued an order that stayed briefing in the current case, pending a decision by the Supreme Court in *Rudy B.* The Supreme Court has issued its decision and reversed this Court. *See State v. Rudy B.*, 2010-NMSC-045, 149 N.M. 22, 243 P.3d 726. Applying the opinion of the Supreme Court in *Rudy B.*, we lifted the stay, reassigned this case to the summary calendar, and proposed to affirm in a second notice.

Defendant filed a memorandum in opposition to our second notice, and a motion to amend the docketing statement to add the issue of whether the district court

improperly denied Defendant's notice of peremptory excusal. We issued a third notice, continuing to propose summary affirmance of the district court's determination on Defendant's amenability to treatment under *Rudy B.* and granted Defendant's motion to amend the docketing statement. Unpersuaded by Defendant's arguments for a mistrial for the district court judge's denial of the peremptory excusal, however, we proposed to affirm. Defendant has filed a second memorandum in opposition to our third notice. We have considered Defendant's arguments and remain unpersuaded. We affirm.

Defendant's second memorandum in opposition continues to argue that the Sixth Amendment right to a jury trial extends to amenability determinations in youthful offender proceedings in an effort to preserve his objection, mindful that the United States Supreme Court may reverse the New Mexico Supreme Court's decision in *Rudy B.* [2nd MIO 1] This is duly noted. Without any new factual or legal argument that would preclude the application of *Rudy B.*, for the reasons stated in our second notice, we affirm the district court's order denying his pretrial request for a jury determination of his amenability to treatment as a juvenile and to require that the State prove his non-amenability beyond a reasonable doubt.

Defendant also continues to argue that for a youthful offender, the time limits for the peremptory excusal of a judge are governed by the district court rules of

3

criminal procedure and, therefore, he should have been given another opportunity to excuse Judge Macias after the State filed a grand jury indictment alleging the same offenses as the delinquency petition. [2ⁿᵈ MIO 1-2] Under the circumstances, Defendant does not persuade us that the denial of his late excusal of Judge Macias was sufficient to warrant a mistrial.

This Court has held that "two separate criminal cases [before the same judge], charging identical offenses against the same defendant, will be considered the same case for peremptory challenge purposes." *State v. White*, 2010-NMCA-043, ¶ 15, 148 N.M. 214, 232 P.3d 450 (looking at form over substance and concluding that the cases were the same). Also, the purpose of a grand jury indictment in district court and a preliminary hearing in children's court is the same—"to determine whether probable cause exists to support the allegations contained in the petition." NMSA 1978, § 32A-2-20(A) (2009); NMSA 1978, § 31-6-10 (1979) (stating that in order to indict a defendant and charge him or her with offenses, the grand jury must find probable cause). Defendant points out that the consequences of a finding of no probable cause differ in district court as compared with children's court. [2ⁿᵈ MIO 2] Defendant states that where no probable cause is found in district court, there are no further proceedings; whereas, in children's court, no probable cause results in release from detention, not a dismissal of the petition. [Id.]

4

Defendant's previous arguments seemed to suggest that his objection to the same judge presiding over the adult proceedings and the children's proceedings was that the penalty increases in district court. [1st MIO 6-7] Now, Defendant seems to rely on a distinction between the children's court and district court rules that provide more leniency in district court upon a finding of no probable cause. We are not persuaded that this is a showing of prejudice or is otherwise sufficient to warrant a mistrial.

Also, Defendant continues to offer no explanation for why he did not excuse Judge Macias when the delinquency petition was filed if the judge was so objectionable to him. The indictment alleged the same facts as the delinquency petition. There is no question that with allegations in children's court of second degree murder, shooting at a motor vehicle, and tampering with evidence, Defendant was aware of the possibility that the case could easily be converted into an adult criminal case. Instead of addressing why he did not excuse Judge Macias, who presided over the serious allegations against him in children's court, Defendant has simply argued there are many reasons a judge may be acceptable when the only sanctions available are juvenile, but not when the sanctions are a criminal conviction and an adult sentence. [1st MIO 6-7]

Defendant's argument, however, would require that criminal defendants and juveniles accused of delinquent acts be given multiple opportunities to exercise peremptory excusals of judges, and the rules do not reflect such an intent. *See* Rule 10-162(B); Rule 5-106(D) NMRA (stating the events that permit a peremptory challenge within ten days of their occurrence). Several events subsequent to indictment and arraignment could increase the penalty for an offense because indictments are not required to reflect all possible aggravating circumstances or the number of DWI offenses committed, for example. *See State v. Coffin*, 1999-NMSC-038, ¶ 65, 128 N.M. 192, 991 P.2d 477 ("In New Mexico, aggravating circumstances are not required to be formally charged in an indictment or ruled on by the grand jury for the existence of probable cause." (internal quotation marks and citation omitted)); *State v. Anaya*, 1997-NMSC-010, ¶ 25, 123 N.M. 14, 933 P.2d 223 (stating that "because proof of three such convictions does not constitute an element of felony DWI, a probable cause showing regarding the existence of three prior convictions was not required in order to support jurisdiction in the district court").

For these reasons and those stated in our third notice, we affirm the district court's denial of Defendant's motion for a jury determination on his amenability to treatment and the denial of Defendant's peremptory excusal.

**IT IS SO ORDERED.**

6

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**