This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                  NO. 34,079

**JEFFERY WILLIAMS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Kristen L. Cartwright, Assistant Attorney General
Roswell, NM

for Appellee

Thomas E. Lilley, P.C.
Thomas E. Lilley
Roswell, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1} Defendant appeals from a conviction for DWI. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

{2} Because the pertinent background information has previously been set forth we will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3} First, Defendant renews his argument that retrial should have been prohibited, in light of the magistrate court's failure to specifically reserve the power to retry after a mistrial occurred. [MIO 4-9] We remain unpersuaded. The mistrial was clearly and unequivocally the product of jury disagreement, [RP 109] which does not operate as a bar to reprosecution. *See State v. Collier*, 2013-NMSC-015, ¶ 14, 301 P.3d 370 ("New Mexico courts have long held that a retrial following a mistrial declared for manifest necessity [caused by a hung jury] does not implicate the double jeopardy clause."). Our Supreme Court has held that where a mistrial is declared as a consequence of the jury's inability to reach a verdict, "the court automatically reserves the power to retry the defendant" whether the court expressly reserves the right to retry in its final order or not. *Cowan v. Davis*, 1981-NMSC-054, ¶ 7, 96 N.M. 69, 628 P.2d 314. Although Defendant continues to argue that *Cowan* should be limited or

distinguished, the principles articulated and applied therein are clearly controlling.

{4}     The magistrate court's failure to utilize formulaic language in its order to does alter our analysis. *See generally State v. White*, 2010-NMCA-043, ¶ 15, 148 N.M. 214, 232 P.3d 450 ("When considering the effects of dismissal and refiling of criminal charges, our courts look past the form to the substance[.]"). While the magistrate court *could have* used the form order supplied by Rule 9-508, it was not *required* to do so. *Compare* Rule 6-610(G) NMRA *with* Rule 5-611(G), (H) NMRA.   We reject Defendant's suggestion that the district court rule should apply to the magistrate court proceedings. [MIO 7]

{5}     Ultimately, the basis for the dismissal and the operative effect thereof are unambiguous. We therefore reject Defendant's first assertion of error.

{6}     Second, Defendant continues to assert that his BAC test results should have been excluded on grounds that the State failed to establish that the officer who administered the test adequately apprised him pursuant to the Implied Consent Advisory. [MIO 9-14] However, as we previously observed, the officer testified that he recited, verbatim, from a card issued by the State to law enforcement officers for this purpose. [DS 7; MIO 12] This was sufficient to support the district court's inference that Defendant was duly advised. [RP 222] *See, e.g., State v. Duarte*, 2007-NMCA-012, ¶¶ 21-22, 140 N.M. 930, 149 P.3d 1027 (holding that where the officer

testified that he read the standardized implied consent card to the defendant, and that the card contained a statement that the subject has the right to an independent test, the evidence was sufficient to support the district court's determination that the defendant was adequately informed even though the content of the card was not read into evidence). In his memorandum in opposition Defendant asserts that *Duarte* is meaningfully distinguishable, insofar as the testifying officer in that case specifically indicated that the card contained a statement that the subject has the right to an independent test. [MIO 12] Although we acknowledge that the officer's testimony in this case was less specific, and far from ideal, [MIO 13] we nevertheless remain of the opinion that his testimony was sufficient to support the district court's reasonable inference. *See generally State v. Romero*, 1968-NMCA-078, ¶ 17, 79 N.M. 522, 445 P.2d 587 ("An inference is merely a logical deduction from facts and evidence." (internal quotation marks and citation omitted)) (quoting *State v. Jones*, 1935-NMSC-062, ¶ 21, 39 N.M. 395, 48 P.2d 403)). For foundational purposes, the State's showing was adequate. *See generally State v. Martinez*, 2007-NMSC-025, ¶ 21, 141 N.M. 713, 160 P.3d 894 (observing that with respect to foundational requirements, the trial court is not bound by the rules of evidence, and it must satisfy itself only by a preponderance of the evidence).

**{7}**     For the foregoing reasons, we affirm.

{8}    **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**LINDA M. VANZI, Judge**