This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38679**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**HEATH WHITE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY
Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

The Bregman Law Firm, P.C.
Sam Bregman
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** After a preliminary hearing to establish probable cause for charges of various alleged financial crimes by Defendant Heath White, the district court determined that the affidavit used to secure search warrants of Defendant's home, garage, and a store with which he was associated was invalid and, even if the search warrants had been supported by a valid affidavit, it could not find probable cause to bind Defendant over for trial based on the evidence presented. The State argues on appeal that (1) the district court did not have authority to suppress evidence at the preliminary hearing; (2) even if the district court had such authority, it erred in finding the affidavit used to obtain the

search warrants contained material misstatements and omissions; and (3) the district court erred in its finding of no probable cause. We reverse the district court's determination that the search warrants were invalid but otherwise affirm.

**BACKGROUND**

**{2}** Defendant was charged by criminal information for eleven counts of various financial crimes alleged to have occurred during his time as the Sheriff of Torrance County. After a three-day preliminary hearing, the State pursued charges for seven of those counts including embezzlement, pursuant to NMSA 1978, Section 30-16-8 (2007); fraud, pursuant to NMSA 1978, Section 30-16-6 (2006); making or permitting false public voucher, pursuant to NMSA 1978, Section 30-23-3 (1963); criminal solicitation to commit making or permitting false public voucher, pursuant to NMSA 1978, Section 30-28-3 (1979); taking an official act to directly enhance a public officer's or employee's financial interest or position, pursuant to NMSA 1978, Section 10-16-4(A) (2011); misuse of public money, pursuant to N.M. Const. art. VII, Section 4, NMSA 1978, Section 31-18-13(C) (1993) and NMSA 1978, Section 31-18-15(A)(13) (2016, amended 2019); and ethical principles of public service, pursuant to NMSA 1978, Section 10-16-3(A)-(B) (2011) and NMSA 1978, Section 10-16-17 (1993).[1]

**{3}** During the hearing, the district court raised concerns about the search warrants secured to search Defendant's home, garage, and the store, based on what the district court perceived as problems with the underlying affidavit. The district court requested that the parties brief the issue of suppression of the evidence obtained as a result of the warrants and deferred ruling on probable cause. After briefing was complete, the district court determined it had authority to suppress evidence at a preliminary hearing, found the affidavit used to secure the search warrants contained material misstatements and omissions, and invalidated the search warrants on that basis. The district court also found no probable cause to support the remaining charges against Defendant. Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve further discussion of specific facts where necessary to our analysis.

**DISCUSSION**

**I.    The District Court Does Not Have Authority to Determine Whether Evidence Was Illegally Obtained at a Preliminary Hearing**

**{4}** The State first argues that the district court improperly suppressed evidence at the preliminary hearing when it held that search warrants issued during the investigation of Defendant were invalid. We agree. We recently held in *State v. Ayon*, 2022-NMCA-003, 503 P.3d 405, that district courts do not have the authority to determine if evidence was illegally obtained at a preliminary hearing. *Id.* ¶¶ 1, 17. In this case, the district court determined that the affidavit used to secure search warrants contained material misstatements and omissions that invalidated the search warrants, which necessarily

---

[1]The district court dismissed the charge for ethical principles of public service at the preliminary hearing.

required the district court to determine whether the evidence presented as a result of those search warrants was illegally obtained. Pursuant to *Ayon*, the district court had no authority to make such a determination at the preliminary hearing stage, and the district court's decision must be reversed. *See id.* ¶ 17.

**{5}** Because of our ruling, we need not address the State's next argument that the district court erred in determining the affidavit used to obtain the search warrant contained material misstatements and omissions.

## II. The District Court Did Not Err in Finding That the State Failed to Present Sufficient Evidence to Establish Probable Cause

**{6}** In its final argument, the State claims the district court erred in concluding that the evidence presented at the preliminary hearing did not establish probable cause to bind Defendant over for trial.

**{7}** We first note that the State fails to identify the standard of review this Court should apply to this issue. *See* Rule 12-318(A)(4) NMRA (mandating that briefing include "an argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review"). Because the State argues it presented sufficient information at the preliminary hearing, we assume without deciding that we review the State's claim to determine whether sufficient evidence was presented to the district court to support a finding of probable cause.

**{8}** The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a finding of probable cause. *See State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056. The question for us on appeal is whether the district court's "decision is supported by substantial evidence, not whether the [district] court could have reached a different conclusion." *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted). We view the evidence in the light most favorable to the district court's finding regarding probable cause, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the finding. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. There is a presumption of correctness in district court rulings and it is the appellant's burden on appeal to clearly demonstrate any claimed error. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. Here, the State's argument—which is unsupported by either adequate citations to the record proper or binding authority—is unpersuasive. We explain.

**{9}** "At the preliminary hearing, the state is required to establish, to the satisfaction of the examining [court], two components: (1) that a crime has been committed; and (2) probable cause exists to believe that the person charged committed it." *State v. White*,

2010-NMCA-043, ¶ 11, 148 N.M. 214, 232 P.3d 450. Pursuant to Rule 5-302(D) NMRA, the district court must find either that (1) there is no probable cause that the defendant has committed the felony offense and dismiss the charge without prejudice; or (2) there is probable cause that the defendant committed the offense and bind the defendant over for trial.

**{10}**    In this case, Defendant's charges were based on an allegation that he used taxpayer funds for his personal use. The State claimed that the evidence supporting this allegation included suspicious purchases made by the sheriff's department while Defendant was sheriff and several thousand dollars' worth of items belonging to the sheriff's department that were found in Defendant's home and car. However, three weeks before the search warrants were executed, Defendant contacted the sheriff's department and disclosed that he had items stored in his home belonging to the department that he needed to return. Defendant contacted the sheriff's department again, after discovering more items, including firearms, and requested to meet with someone so that he could return the items quickly. Further, it was a regular practice for county equipment to be stored at other deputies' homes. And each purchase order introduced by the State at the preliminary hearing was approved by the purchasing department. Viewing the evidence in the light most favorable to the district court's finding, we agree with the district court that there was insufficient evidence to find a commission of a crime: all the purchase orders were approved, it was regular practice for county employees to store county-owned items at their homes, and Defendant attempted to return items once he was no longer employed with the sheriff's department.

**{11}**    Our conclusion is buttressed by the State's failure to direct this Court to evidence in the record to support its argument that substantial evidence existed for the district court to find probable cause. We note that to meet its burden on appeal, the State must provide an argument including "citations to authorities, record proper, transcript of proceedings, or exhibits relied on." *See* Rule 12-318(A)(4); *see also In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990 ("This [C]ourt will not search the record to find evidence to support an appellant's claims."). The State's only citation to the record proper includes five lines from one page of the transcript from the preliminary hearing, in which a witness explained that a particular exhibit was a purchase order made at Defendant's request. The corresponding exhibit contained purchasing information for an air conditioning system replacement for a patrol unit. The reference to the air conditioning unit is insufficient to support the State's assertion that one of the charges "was grounded in evidence of the paperwork for [an] air conditioning unit [bought for a county vehicle but installed in Defendant's car,]" because the State failed to cite to any evidence to establish that the air conditioning unit was in fact installed in Defendant's personal vehicle. *See State v. Hall*, 2013-NMSC-001, ¶ 28, 294 P.3d 1235 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Simply put, the State fails to point to evidence that "a reasonable mind might accept as adequate" to support its argument that it established probable cause. *See Salgado*, 1999-NMSC-008, ¶ 25.

**{12}** Further, the State provides little authority for its arguments. The State's only citation to persuasive authority is to *State v. Snedeker*, 1982-NMSC-085, ¶ 32, 99 N.M. 286, 657 P.2d 613. *Snedeker* examined whether an affidavit for a search warrant contained sufficient evidence to show probable cause regarding "violations of the laws of the State of New Mexico with regard to the payment of public monies[,]" *id.* ¶ 7, which led to the defendant's indictment for evading gross receipts taxes and making false public vouchers. *Id.* ¶ 1. *Snedeker* on its facts is not instructive, and the State fails to explain how *Snedeker*'s analysis applies to proving probable cause at a preliminary hearing. It further fails to explain how the case supports a finding of probable cause for any of the specific charges against Defendant; it instead uses *Snedeker* to argue generally that a crime must have had been committed. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (concluding that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority).

**{13}** And finally, in arguing that the seven charges are supported by probable cause, the State provides no more than two sentences of argument for each charge, and on two occasions the State used the same arguments for separate crimes. Again, none of these arguments are supported by citations to relevant authority or to the record proper. The State does not explain the elements of the crimes charged or how the facts support a finding of probable cause that those specific crimes were committed, leaving this Court to speculate as to the legal arguments intended. This Court is under no obligation to review unclear or undeveloped arguments. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031.

**{14}** We conclude that the State failed to meet its burden to provide sufficient evidence for the district court to find probable cause to bind Defendant over on the enumerated charges; thus, the district court did not err by dismissing the charges against Defendant. Accordingly, we affirm the dismissal.

**{15} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**SHAMMARA H. HENDERSON, Judge**