This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: August 29, 2024**

**No. S-1-SC-39240**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**CLAYTON THOMAS BENEDICT,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Brett R. Loveless, District Judge**

Law Offices of the Public Defender
Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Office of the Attorney General
Hector H. Balderas, Attorney General
Benjamin L. Lammons, Assistant Attorney General
Santa Fe, NM

for Respondent

## DISPOSITIONAL ORDER

**Chief Justice Thomson**

**{1}** WHEREAS, Article II, Section 14 of our Constitution guarantees that "[n]o person shall be held to answer for a [felony] unless on a presentment or indictment of a grand jury or information" and, that if a person is charged by criminal information, the charged person is entitled to "a preliminary examination before an examining magistrate." "A

preliminary hearing operates as a screening device" to ensure that the charged offense is supported by probable cause before binding a person over for trial on that offense. *State v. White*, 2010-NMCA-043, ¶¶ 10-11, 148 N.M. 214, 232 P.3d 450.

**{2}** WHEREAS defendant Clayton Thomas Benedict (Defendant) was charged by information with second-degree murder or, in the alternative, voluntary manslaughter, following the shooting death of his Uber passenger. After a preliminary hearing, the district court concluded that there was probable cause to support the voluntary manslaughter charge, but not the second-degree murder charge, and subsequently bound Defendant over for trial on voluntary manslaughter.

**{3}** WHEREAS this decision by the district court focused on whether Defendant's actions were provoked by the conduct of James Porter (Victim) before the shooting.

**{4}** WHEREAS after hearing the evidence, the district court ruled that there was no probable cause to support the second-degree murder charge but there was probable cause to support a charge of voluntary manslaughter. The ruling relied essentially on the evidence that Defendant acted upon sufficient provocation by Victim.

**{5}** WHEREAS the district court did not enter an order dismissing the second-degree murder charge, but instead ordered the State "to file an amended information charging [D]efendant with voluntary manslaughter." The State filed the final information charging Defendant only with one count of voluntary manslaughter, and Defendant was bound over for trial.

**{6}** WHEREAS the State appealed the district court's no-probable-cause determination. *State v. Benedict*, 2022-NMCA-030, ¶ 2, 511 P.3d 379. Addressing its appellate jurisdiction first, the Court of Appeals concluded that the district court's bind-over order for voluntary manslaughter was a final order, and as such, NMSA 1978, Section 39-3-3(B)(1) (1972) granted the Court jurisdiction to hear the State's appeal. *Benedict*, 2022-NMCA-030, ¶¶ 18-19. Having confirmed its jurisdiction over the matter, the Court of Appeals' majority held that the proper standard of review for a probable-cause determination at a preliminary hearing is de novo and not a deferential standard. *Id.* ¶¶ 13, 29, 34. Under de novo review, the Court of Appeals' majority determined "[t]he undisputed facts establish a triable issue" on sufficient provocation and reversed the district court's decision on probable cause for second-degree murder. *Id.* ¶ 40.

**{7}** WHEREAS generally, an appellate court can only review "final judgments, interlocutory orders which practically dispose of the merits of an action, and final orders after entry of judgment which affect substantial rights." *State v. Ahasteen*, 1998-NMCA-158, ¶ 10, 126 N.M. 238, 968 P.2d 328, *abrogated on other grounds by State v. Savedra*, 2010-NMSC-025, ¶¶ 3, 8, 148 N.M. 301, 236 P.3d 20 (internal quotation marks and citation omitted). "As a general rule, an order or judgment is not considered final unless it resolves all of the factual and legal issues before the court and completely disposes of the case." *State v. Heinsen*, 2005-NMSC-035, ¶ 14, 138 N.M. 441, 121 P.3d 1040.

**{8}** WHEREAS the record does not establish that the State was prohibited substantively or procedurally from the options of 1) filing a new criminal information containing the second-degree murder charge or 2) pursue a grand jury indictment on a second-degree murder charge because the State did not have new or additional evidence after the preliminary hearing. *See also White*, 2010-NMCA-043, ¶ 12.

**{9}** For the reasons articulated above, we reverse the Court of Appeals on the narrow issue of this not being a final order and remand to the district court for further proceedings on Defendant's voluntary manslaughter charge.

**{10}  IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**ABIGAIL P. ARAGON, Judge**
**Sitting by designation**

**ANGIE K. SCHNEIDER, Judge**
**Sitting by Designation**