# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2022-NMCA-003

Filing Date: July 27, 2021

No. A-1-CA-38812

STATE OF NEW MEXICO,

      Plaintiff-Appellant,

v.

RICKY ANTHONY AYON,

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Certiorari Granted, January 11, 2022, No. S-1-SC-38937. Released for Publication
February 22, 2022.

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl Francolini, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## OPINION

**BOGARDUS, Judge.**

**{1}**    Defendant Ricky Ayon was charged by criminal information[1] with possession of a controlled substance (heroin), pursuant to NMSA 1978, Section 30-31-23 (2011, amended 2021).[2] At his preliminary hearing, the district court determined the police

---

[1]The State refiled this charge in district court after the original charge was dismissed from metropolitan court because of the arresting officer's failure to appear at the preliminary hearing.
[2]All references to Section 30-31-23 in this opinion are to the 2011 version of the statute.

officer who arrested Defendant did not have reasonable suspicion to detain him and dismissed the matter without prejudice. The State appeals and argues (1) the district court at a preliminary hearing does not have the authority to determine whether evidence was illegally obtained, and (2) even if it does have this authority, Defendant's detention was legal and there was sufficient probable cause to bind him over. Concluding that the district court's authority at a preliminary hearing does not include the authority to determine the illegality of evidence, we reverse.

## BACKGROUND

**{2}** At the preliminary hearing, the arresting officer, Officer Andrew Limon, who was the sole testifying witness, explained he was familiar with Defendant because of previous interactions with him before the night of Defendant's arrest. Officer Limon also testified that the week before this incident, he had searched Defendant's criminal history and found an active warrant for his arrest.

**{3}** When Officer Limon came into contact with Defendant on the night of his arrest, Defendant was carrying groceries while walking his bicycle along the street. Officer Limon called out to Defendant, who walked over to him, and Officer Limon immediately arrested him and placed him in handcuffs, because of Defendant's attempts to evade arrest in their previous encounters. Once he placed Defendant under arrest, Officer Limon confirmed Defendant's outstanding arrest warrant. Officer Limon then performed a search incident to arrest and found a small, clear bag containing a black tar-like substance in Defendant's pocket. Officer Limon conducted a field test and identified the substance as heroin. Defendant's possession charge followed.

**{4}** Defendant argued at the preliminary hearing that Officer Limon had no reasonable suspicion to detain him because he did not confirm the warrant until after Defendant was under arrest and, as a result, probable cause should not be found to bind the case over for trial. The district court found there was no reasonable suspicion to stop Defendant and dismissed the case without prejudice.

## DISCUSSION

**{5}** The State argues that the district court exceeded its authority by considering at the preliminary hearing whether the evidence against Defendant was illegally obtained. The State also argues that even if the district court had the authority to determine whether the evidence was illegally obtained, Defendant's detention was legal, and the evidence presented at the preliminary hearing was sufficient to establish probable cause. We conclude that the district court's authority at a preliminary hearing does not encompass the authority to determine whether evidence was illegally obtained, and we reverse the district court's dismissal of the charge based on its finding that Officer Limon lacked reasonable suspicion to detain Defendant. Because of our conclusion, we need not address the State's remaining argument.

**At a Preliminary Hearing, the District Court Has No Authority to Determine Whether Evidence Was Illegally Obtained**

**{6}** In this appeal, we are presented with an issue of first impression: whether, under Rule 5-302 NMRA, which governs preliminary hearings, the district court is authorized to exclude illegally obtained evidence. The State's argument, grounded in the plain language of Rule 5-302 and the narrow purpose of the hearing itself, is that the district court's authority is limited to determining whether there is probable cause to believe that the defendant has committed a felony, and does not include the authority to determine whether evidence was illegally obtained. Defendant disagrees with the State's narrow construction of Rule 5-302 and contends that despite the rule's language, there is nothing in New Mexico law that prohibits the district court from making such a determination at the preliminary hearing stage. Defendant further contends that construing Rule 5-302 to authorize the district court to determine whether evidence is illegally obtained is consistent with New Mexico law on preliminary hearings and the exclusionary rule.

**{7}** "The proper interpretation of our Rules of Criminal Procedure is a question of law that we review de novo." *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806. When interpreting procedural rules, we seek "to determine the underlying intent" of our Supreme Court. *State v. Miller*, 2008-NMCA-048, ¶ 11, 143 N.M. 777, 182 P.3d 158. "In interpreting procedural rules, we apply the same canons of construction as applied to statutes and, therefore, interpret the rules in accordance with their plain meaning." *Rodriguez ex rel. Rodarte v. Sanchez*, 2019-NMCA-065, ¶ 12, 451 P.3d 105 (internal quotation marks and citation omitted). "We first look to the language of the rule, and if the rule is unambiguous, we give effect to its language and refrain from further interpretation." *Id.* (alteration, internal quotation marks, and citation omitted). We examine "the plain language of the rule as well as the context in which it was promulgated, including the history of the rule and the object and purpose[.]" *Kipnis v. Jusbasche*, 2017-NMSC-006, ¶ 11, 388 P.3d 654 (alteration, internal quotation marks, and citation omitted). Finally, in giving effect to the plain meaning of the rule, we take care to avoid an absurd or unreasonable result. *See State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801.

**{8}** The New Mexico Constitution directs that "[n]o person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies[.]" N.M. Const. art. II, § 14. Furthermore, "[n]o person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination." *Id.* Thus, when a criminal case is commenced by the filing of an information, our Constitution requires that a preliminary hearing be held before an examining court before an accused can be tried for a felony offense.[3]

---

3A preliminary hearing may be held in district court, Rule 5-302, magistrate court, Rule 6-202 NMRA, or metropolitan court, Rule 7-202 NMRA.

**{9}** Pursuant to Rule 5-302(D), the district court[4] must find either that (1) there is no probable cause that the defendant has committed the felony offense and dismiss the charge without prejudice; or (2) there is probable cause that the defendant committed the offense and bind the defendant over for trial.[5] "[T]he state is required to establish, to the satisfaction of the examining [court], two components: (1) that a crime has been committed; and (2) probable cause exists to believe that the person charged committed it." *State v. White*, 2010-NMCA-043, ¶ 11, 148 N.M. 214, 232 P.3d 450. The plain language of Rule 5-302 contains no authorization for the district court to consider whether evidence was illegally obtained at a preliminary hearing. *See Rodriguez ex rel. Rodarte*, 2019-NMCA-065, ¶ 12.

**{10}** Addressing this issue in the context of grand jury proceedings, our Supreme Court held that "absent statutory authorization, a court may not overturn an otherwise lawful grand jury indictment because of trial inadmissibility or improprieties in the procurement of evidence that was considered by the grand jury." *State v. Martinez*, 2018-NMSC-031, ¶ 1, 420 P.3d 568. In *Martinez*, our Supreme Court reviewed an amendment to the Rules of Criminal Procedure that authorized a district court to review the lawfulness of evidence presented at grand jury proceedings. *Id.* ¶ 7. The Court directed the applicable rule be revised to omit the authorizing language after determining that no statutory authority existed that provided judicial tribunals the power to perform such a review. *Id.* ¶¶ 15-32, 38. In reaching its holding, our Supreme Court reviewed the history of judicial review of evidence considered by the grand jury, beginning in 1923, with *State v. Chance*, 1923-NMSC-042, 29 N.M. 34, 221 P. 183, and concluded that our Supreme Court "has consistently honored a strong policy of resisting dismissal of otherwise valid grand jury indictments based on disputes about the source or trial admissibility of the evidence considered by the grand jury." *Martinez*, 2018-NMSC-031, ¶ 15.

**{11}** Given the common purpose between grand jury proceedings and preliminary hearings, we find the reasoning of *Martinez* persuasive. This Court also finds no specific statutory authority that authorizes a district court to review the illegality of the evidence used to support probable cause at a preliminary hearing. Further, it would create inconsistencies if we were to construe Rule 5-302 to find such authority in light of our Supreme Court's previous holding that judicial review of the evidence upon which to return an indictment in the context of grand jury proceedings is not authorized. Both proceedings are intended to determine if probable cause exists to indict a criminal suspect for felony charges. *See State ex rel. Whitehead v. Vescovi-Dial*, 1997-NMCA-126, ¶ 5, 124 N.M. 375, 950 P.2d 818 (stating the primary purpose of preliminary hearings is to evaluate whether the state has met its burden of demonstrating probable cause); *see also Buzbee v. Donnelly*, 1981-NMSC-097, ¶ 16, 96 N.M. 692, 634 P.2d 1244 (stating the responsibilities of the grand jury include determination of probable

---

[4]The procedural rules for preliminary hearings in district court, magistrate court, and metropolitan court are substantially the same. *See* Rule 5-302; Rule 6-202; Rule 7-202.

[5]A criminal information may also be dismissed for failure to meet the time limits laid out in the rule. Rule 5-302(A)(3) ("If a preliminary examination is not held within the time limits in this rule, the court shall dismiss the case without prejudice and discharge the defendant.").

cause). Different rules regarding the district court's authority to review illegally obtained evidence based solely on the choice of proceedings—grand jury proceedings as opposed to preliminary hearings—may encourage favoring one proceeding over another, undercutting efficient judicial administration and causing confusion. Based on the foregoing, we disagree with Defendant's argument that there is statutory authority and precedent that supports a conclusion that the district court's authority at a preliminary hearing includes excluding illegally obtained evidence.

{12}    Our review of the plain language of a rule in order to ascertain the intent of our Supreme Court is also "guided by our review of rules in pari materia." *Miller*, 2008-NMCA-048, ¶ 11 (internal quotation marks and citation omitted). Thus, we are to read all the provisions of a rule together with other rules relating to the same subject matter to ascertain the intent of our Supreme Court. *See State v. Davis*, 2003-NMSC-022, ¶ 12, 134 N.M. 172, 74 P.3d 1064. We note that motions to suppress illegally obtained evidence are specifically provided for in another rule—Rule 5-212 NMRA. Rule 5-212 contains no provision for motions to suppress to be heard at preliminary hearings; the rule does not contemplate preliminary hearings in any regard. The fact that a separate rule exists that specifically allows a defendant to move for suppression of illegally obtained evidence is consistent with the conclusion that the district court's authority at a preliminary hearing does not include the authority to rule on the illegality of the evidence presented. *See State v. Santillanes*, 2001-NMSC-018, ¶ 7, 130 N.M. 464, 27 P.3d 456 (stating that under the general/specific rule of statutory construction, "the more specific statute will prevail over the more general statute absent a clear expression of legislative intent to the contrary").

{13}    Defendant argues that because a preliminary hearing resembles a bench trial,—judges preside over the proceeding, Rule 5-105(A) NMRA, and the district court is bound by the Rules of Evidence, Rule 5-302(B)(5)—it follows that the district court should be allowed to make a determination regarding whether evidence was illegally obtained. Defendant's contention fails to acknowledge the inherent difficulties presented by the different evidentiary rules applicable to the two proceedings. At a motion to suppress, the district court is not bound by the Rules of Evidence, except for the rules addressing privileges. Rule 11-104(A) NMRA. Conversely, the district court is required to follow the Rules of Evidence at a preliminary hearing. Rule 5-302(B)(5). Applying different evidentiary rules within the same proceedings could cause confusion and create an unreasonable risk of error. *See State v. Rowell*, 1995-NMSC-079, ¶ 8, 121 N.M. 111, 908 P.2d 1379 (holding that we will not interpret a statute in a way that would render it unreasonable, unjust, or absurd).

{14}    Defendant next argues that a district court's reliance upon inadmissible evidence undercuts the screening function of the preliminary hearing, therefore, construing Rule 5-302 to encompass a district court's authority to determine whether evidence was illegally obtained would further the preliminary hearing's purpose. We disagree. "The primary purpose of the preliminary examination is to provide an independent evaluation of whether the state has met its burden of demonstrating probable cause." *Vescovi-Dial*, 1997-NMCA-126, ¶ 5. "The [s]tate is only required to produce evidence sufficient to

establish reasonable grounds for the [district court]'s exercise of judgment." *State v. Vallejos*, 1979-NMCA-089, ¶ 12, 93 N.M. 387, 600 P.2d 839. A finding of probable cause based on illegally obtained evidence will not necessarily force a defendant to trial on "incompetent evidence" because a motion to suppress can be used to "exclude the evidence and thereby preclude a trial[.]" 4 Wayne R. LaFave, et al., Criminal Procedure § 14.4(b) (4th ed. 2020). Thus, "allowing the defense to raise the suppression issue before the [district court] is viewed as unnecessary to achieving effective screening." *Id.* Given that the primary purpose of the preliminary hearing is the determination of probable cause, rather than the consideration of the nature of the evidence, we believe that our holding is consistent with the preliminary hearing's purpose.

**{15}** Moreover, construing a district court's authority at the preliminary hearing to include consideration of whether evidence was illegally obtained would encourage mini-trials on evidentiary issues, which, again, is inconsistent with efficient judicial administration and economy. *See State v. Lopez*, 2013-NMSC-047, ¶ 20, 314 P.3d 236 (noting that "[t]he preliminary hearing is not intended to be a mini-trial"). Two determinations of admissibility could occur, one at the preliminary hearing and another before trial, which would increase the number of pretrial motions and strain judicial resources, counter to the applicable rules' stated intent. *See* Rule 5-101(B) NMRA (mandating that the Rules of Criminal Procedure for the district court "be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay").

**{16}** We further note that preliminary hearings are held on an accelerated timeline, particularly if the defendant is in custody. Rule 5-302(A)(1) (explaining timing requirements for scheduling a preliminary hearing). If district courts are to evaluate whether evidence was illegally obtained at these hearings, "there often will not be adequate time for the two sides to investigate and prepare for exclusionary rule objections." 4 LaFave, *supra*, § 14.4(b). Inadequate time to develop arguments about illegally obtained evidence could result in district courts having to make insufficiently informed rulings based on undeveloped arguments.

**{17}** We conclude the Rules of Criminal Procedure do not provide authority for a district court to determine whether evidence was illegally obtained at a preliminary hearing. The dismissal of the criminal information based on such a determination was in error.

**CONCLUSION**

**{18}** For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

**{19} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**SHAMMARA H. HENDERSON, Judge**