This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40544**

**KARLA J.C., individually and on behalf of AYLA C.,**

      Petitioners-Appellants,

v.

**DESMOND MONTAÑO,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Abigail Aragon, District Court Judge**

New Mexico Legal Aid
Corinna Laszlo-Henry
Las Vegas, NM

for Appellants

Ahmad Assed & Associates
Britany J. Schaffer
Ahmad Assed
Richard J. Moran
Amy M. Williams
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** This matter arises from the denial and dismissal of a petition for an order of protection against Respondent Desmond Montaño under the Family Violence Protection Act (FVPA), NMSA 1978, §§ 40-13-1 to -13 (1987, as amended through 2019).

Petitioners Karla Cave (Mother) and her minor child A.C. (Child) (collectively, Petitioners) appeal the order denying their motion to reconsider the dismissal of their petition. Petitioners argue that the district court (1) erred by requiring Petitioners to show fear and necessity to obtain an order of protection; (2) misapprehended the elements of criminal sexual contact of a minor (CSCM); and (3) erred by admitting evidence of a nonparty and nonwitness's character. Petitioners also argue that they presented substantial evidence that Respondent committed CSCM against Child. We reverse and remand.

## BACKGROUND

**{2}** Mother filed a petition for an order of protection from domestic abuse on behalf of Child. In the petition, Mother alleged that Respondent raped Child at his home in August 2021, and that she was afraid Respondent would "come after" Child. The district court issued a temporary restraining order and an order to appear for a hearing. Respondent denied the allegations of domestic abuse in his answer. At the hearing, Child testified in part that she and her friend M.R. visited Respondent at his house. While Child was sitting on a couch watching television, Respondent grabbed her hand, placed her hand in his pants and on his penis.

**{3}** Respondent testified in part that he felt bad for M.R. because no one liked her and for that reason, he was her friend. He also testified that at some time in August, he, his friend Tyler Copeland (a/k/a Ty), M.R., and Child, went to his house to watch a movie but denied having physical contact with Child.

**{4}** At the conclusion of the hearing the district court announced its ruling from the bench, stating, "At this time I find that Petitioner[s] h[ave] not met [their] burden. At no point does [Child] either say that she was afraid of [Respondent] and that an order of protection was necessary." The district court subsequently filed an order dismissing the petition for an order of protection. Petitioners filed a motion to reconsider, arguing that the district court misapprehended the requirements necessary to obtain an order of protection when it stated that Petitioners failed to show that Child was afraid of Respondent or needed an order of protection. The district court denied the motion without a hearing, determining that "Petitioner[s] . . . failed to present any new evidence to justify a reconsideration" and that "Petitioner[s] failed to meet [their] burden of proof." Petitioners appeal the order denying the motion to reconsider.

## DISCUSSION

**{5}** Petitioners argue that the denial of their motion to reconsider was an abuse of discretion because the plain language of the FVPA does not require a petitioner to show fear or a particularized necessity for an order for protection. Respondent contends the district court properly denied the motion for reconsideration because the district court did not include an improper element of fear and that the district court dismissed the petition upon a finding that no act of domestic abuse occurred.

**{6}** We review an order denying a motion to reconsider for an abuse of discretion. *See Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (internal quotation marks and citation omitted). "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on the misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citations omitted).

## I.   Section 40-13-5 of the FVPA Does Not Require a Showing of Fear or Need for an Order of Protection

**{7}** We first address whether Section 40-13-5 requires a petitioner to show fear and necessity. The interpretation of Section 40-13-5 is a question of law which we review de novo. *See Morgan Keegan Mortg. Co. v. Candelaria*, 1998-NMCA-008, ¶ 5, 124 N.M. 405, 951 P.2d 1066. When reviewing a statute, we aim to effectuate the Legislature's intent in passing the statute, and in order to determine legislative intent, "we look first to the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended." *Chatterjee v. King*, 2012-NMSC-019, ¶ 11, 280 P.3d 283 (alteration, internal quotation marks, and citation omitted). "[W]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153 (internal quotation marks and citation omitted).

**{8}** Section 40-13-5(A)(1) states that "[u]pon finding that domestic abuse[1] has occurred or upon stipulation of the parties, the court shall enter an order of protection ordering the restrained party to refrain from abusing the protected party or any other household member." Our Supreme Court recently clarified the requirements for an order of protection in Section 40-13-5, holding that "the plain language of Section 40-13-5 requires only a finding by the court that domestic abuse has occurred." *Nguyen v. Bui*, ___-NMSC-___, ¶ 13, ___ P.3d ___ (S-1-SC-39140, July 24, 2023).[2] In *Nguyen*, the petitioner testified that she was sexually abused by the respondent for at least two years before the relationship ended. *Id.* ¶ 7. The petitioner sought an order of protection over two years later, *id.* ¶ 8, but the hearing officer denied the petition, finding that the respondent had not contacted her in fourteen months and did not find the petitioner established an "immediacy" for the need for an order of protection, and thus, that she was unable to meet her burden of proof. *Id.* ¶ 10 (internal quotation marks omitted). The

---

[1]The act Child alleged Respondent committed, would meet the definition of CSCM. *See* NMSA 1978, § 30-9-13(A) (2003) (defining the CSCM, in part, as "the intentional causing of a minor to touch one's intimate parts"). This Court has previously held that "criminal sexual contact against a non[]household member is sexual assault as the term is used in the FVPA." *State v. Gonzales*, 2017-NMCA-080, ¶ 19, 406 P.3d 534.

[2]We recognize that the district court did not have the benefit of the July 24, 2023 opinion in *Nguyen* as it was published well after the district court filed its June 6, 2022, order denying the motion to reconsider.

district court adopted the hearing officer's findings and order of dismissal. *Id.* ¶ 11. Our Supreme Court held that the hearing officer and district court "erred in adding a requirement that [the p]etitioner must show immediacy of harm upon proving domestic abuse," because "[t]he only requirement under Section 40-13-5 is proof that domestic abuse has occurred." *Nguyen*, ___-NMSC-___, ¶¶ 17, 18 (internal quotation marks and citation omitted). Our Supreme Court reasoned that "[t]here is no language that indicates that a petition must state why a petitioner needs the order, or even language that requires proof of a petitioner's need for the order." *Id.* ¶ 16.

**{9}** Just as Section 40-13-5 contains no language requiring a petitioner to present evidence showing a need for the order, Section 40-13-5 also contains no language requiring a petitioner to state that they are in fear of a respondent. Rather, "[a] petitioner must show only that domestic abuse occurred" and once that showing has been made, "the district court 'shall' grant the order." *Nguyen*, ___-NMSC-___, ¶ 21; *see* § 40-13-5(A). We turn next to the grounds upon which the district court dismissed the petition in order to determine if the dismissal was based on a misapprehension of Petitioners' burden under Section 40-13-5.

## II.     The District Court Required a Showing of Fear or Need for an Order of Protection

**{10}** In its written order dismissing the petition, the district court found that "Petitioner[s] did not prove by a preponderance of the evidence that an incident of 'domestic abuse' occurred under the definitions set forth in [Section] 40-13-2." The order does not contain any other findings revealing why the district court concluded that Petitioners had not carried their burden. Thus, we consider the district court's oral remarks to clarify the basis for the district court's determination that Petitioners did not present sufficient evidence that an incident of domestic abuse occurred. At the conclusion of the hearing in this case, the district court explained its ruling as follows:

> The Petitioner[s] [were the bearers] of preponderance of the evidence. At this time I find that Petitioners ha[ve] not met [their] burden. At no point does [Child] either say that she was afraid of [Respondent] and that an order of protection was necessary. I am going to deny and dismiss without prejudice at this time.

Petitioners sought clarity on the district court's ruling, and asked, "Your Honor, specifically are you not making a finding of a credible threat? Or are you not making a finding that there was a preponderance of evidence presented?" The district court responded, "I am making a finding that there was not a preponderance of evidence presented." Fear and necessity are the only elements the district court identified after stating that Petitioners had not met their burden for obtaining an order of protection. At no time did the district court refer to any of the elements of CSCM or find that Child was not credible. We therefore conclude that the district court required Petitioners to prove that Child feared Respondent and necessity in order to obtain an order of protection under Section 40-13-5.

**{11}** Respondent also argues Petitioners' argument is "untimely and improper" because Petitioners did not file timely objections to the district court's order. Respondent raised these issues in his previously filed motion to dismiss before this Court, which we denied. *See* Order Denying Respondent's Motion to Dismiss, *Cave v. Montaño*, A-1-CA-40544 (N.M. Ct. App. November 9, 2022). Respondent does not provide any additional rationale for us to reconsider our order on this issue, and thus, we will not do so.

**{12}** We conclude that the district court required Child to prove she feared Respondent and necessity in order to obtain an order of protection under Section 40-13-5. This ruling was an abuse of discretion based on a misapprehension of law. *See Harrison*, 2013-NMCA-105, ¶ 14. Section 40-13-5 requires only that a petitioner prove that domestic abuse occurred. *See* § 40-13-5(A); *Nguyen*, \_\_\_-NMSC-\_\_\_, ¶ 21. Therefore, we reverse the district court's denial of Petitioners' motion to reconsider.

### III. Testimony Regarding the Credibility of a NonParty, NonWitness Was Not Admissible

**{13}** Though we are reversing and remanding on other grounds, we consider whether the testimony of Copeland, who testified on behalf of Respondent, regarding M.R.'s credibility, was admissible, as this issue may arise again after remand. *See Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co. of Ohio, Inc.*, 1993-NMSC-010, ¶ 33, 115 N.M. 152, 848 P.2d 1079 (deciding an issue that may arise on remand after determining reversal on a separate ground).

**{14}** We review the admission of evidence for an abuse of discretion, and "[a]n abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Benz*, 2013-NMCA-111, ¶ 11 (internal quotation marks and citation omitted). However, "we apply a de novo standard to review any interpretations of law underlying the evidentiary ruling." *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 13, 146 N.M. 453, 212 P.3d 341.

**{15}** Petitioners argue that the testimony regarding the credibility of M.R., who is not a party to this case and was not called as a witness, was erroneously admitted as irrelevant and that it was improper character evidence under Rule 11-608(A) NMRA. Respondent argues that the FVPA is silent as to the applicability of the rules of evidence, and it is inherent in special commissioners' authority to conduct hearings, "which includes whether to apply the [r]ules of [e]vidence." If the rules of evidence do apply, Respondent argues that the testimony was relevant, Petitioners' argument that the testimony was improper character evidence is unpreserved, and if preserved, the testimony was properly admitted under Rule 11-404(B)(2) NMRA.

### A. The Rules of Evidence Apply at a Hearing for an Order of Protection

**{16}** We first address whether the rules of evidence apply at a hearing for an order of protection under the FVPA. When interpreting rules, "we apply the same canons of

construction as applied to statutes and, therefore, interpret the rules in accordance with their plain meaning." *State v. Ayon*, 2022-NMCA-003, ¶ 7, 503 P.3d 405 (internal quotation marks and citation omitted).

**{17}** The rules of evidence apply in all "civil cases and proceedings" before the district courts, except for where exceptions are provided for. Rule 11-1101(B), (D) NMRA. Rule 11-1101(D) identifies a list of exceptions for the types of proceedings where the rules of evidence do not apply. Proceedings under the FVPA or hearings for orders of protection are not included in the list of exceptions. *See* Rule 11-1101(D). Nor does Respondent argue that any of the exceptions identified in Rule 1101(D) apply. Based on the plain language of Rule 11-1101(D) we conclude that the rules of evidence apply to district court hearings on orders of protection under the FVPA. *See Ayon*, 2022-NMCA-003, ¶ 7.

**{18}** The FVPA is silent as to whether the rules of evidence apply at a hearing for an order of protection. *See* § 40-13-5. Respondent suggests we interpret this silence to mean the decision to apply the rules of evidence remains with the district court or special commissioner. We decline to do so as it would require that we read language into the FVP which is not there. *See Town & Country Food Stores, Inc. v. N.M. Regul. & Licensing Dep't*, 2012-NMCA-046, ¶ 9, 277 P.3d 490; *cf. State v. Archuleta*, ___-NMCA-___, ¶ 20, ___ P.3d ___ (A-1-CA-40466, July 19, 2023) (holding that the rules of evidence apply to a dangerousness hearing under Rule 5-602.2 NMRA when the proceeding does not fall into a listed exception under Rule 11-1101(D) and Rule 5-602.2 does not exempt itself from the rules of evidence).

**{19}** Finally, Respondent does not point to any authority in support of his argument that it is within the discretion of the district court or special commissioner's authority to determine if the rules of evidence apply, and "[w]e assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority." *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Similarly, we are unaware of any authority that permits a district court to decide whether the rules of evidence apply at a hearing. Therefore, we conclude that the rules of evidence apply to hearings for an order of protection under the FVPA. We next turn to whether the testimony in question was properly admitted.

## B. Whether the Testimony was Relevant

**{20}** "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Rule 11-401 NMRA. "Any doubt should be resolved in favor of admissibility." *State v. Arvizo*, 2021-NMCA-055, ¶ 30, 499 P.3d 1221 (internal quotation marks and citation omitted). Whether evidence is relevant "must be decided on a case-by-case basis." *In re Application of Plains Elec. Generation & Transmission Co-op., Inc.*, 1988-NMCA-011, ¶ 12, 106 N.M. 775, 750 P.2d 475.

**{21}** Our Supreme Court addressed a similar issue regarding the relevance of evidence of the bad character of a nonparty and nonwitness in *State v. Martin*, 1984-NMSC-077, 101 N.M. 595, 686 P.2d 937. In *Martin*, the defendant was charged with first degree murder for the death of her second husband, *id.* ¶ 1, and when the defendant testified she was cross-examined about her history with her first husband, the ex-husband. *Id.* ¶ 19. Our Supreme Court concluded that evidence of the defendant's history of abuse from her ex-husband was probative because it gave her special knowledge, which would be useful in fabricating a claim of abuse by the decedent. *Id.* ¶ 21. However, the Court held that evidence of the defendant's ex-husband's prior criminal history and drug use had no probative value and "was an improper attempt to present the jury with the implication that since [the] defendant was previously married to a person of bad character, she was also of poor character or lacked credibility." *Id.* ¶ 22. Therefore, the Court concluded this evidence was not relevant, as it "failed to show a logical connection" between the ex-husband's prior criminal history and drug use, and the defendant's actions toward the decedent, which was the ultimate question before the jury. *Id.*

**{22}** Here, M.R. is not a party to this case and was not called by either party as a witness. According to Child, M.R. was present at the time of the alleged sexual assault, but Child did not tell M.R. what happened between her and Respondent. Copeland testified that he knew M.R. because they both worked for the city's park department that summer, but she was terminated due to accusations that she was overcharging customers and pocketing some money while working in her position for the city. Respondent's counsel asked Copeland if he was aware of any other instances of M.R. being dishonest, and Petitioners' counsel objected, stating, "It seems like we are trying to impeach a witness who has not testified. I'm objecting on the basis of relevance." After Respondent's counsel responded that the testimony was relevant because M.R. and Child were close friends, M.R. was nineteen years old, and she could have been called as a witness but wasn't, the district court overruled the objection. Copeland went on to testify that he was made aware by other employees that M.R. told others that she and Copeland had intercourse, which was untrue.

**{23}** Respondent argues that the testimony is relevant because "it is highly relevant whether [M.R.] had a reputation of being truthful and what influence she had over [Child]." Respondent's argument implies that M.R. had influence over Child, and this influenced Child to make an allegation of sexual activity that did not occur. However, when Respondent had an opportunity to cross-examine Child, Respondent did not ask questions to establish the logical connection between M.R.'s purported dishonesty and her influence over Child. Rather, Respondent asked Child if she and M.R. were friends, her age, and if she ever did drugs with M.R., which Child denied. Similarly, the testimony from Copeland merely established that Child and M.R. were friends despite their age difference, but did not establish that M.R. had influence over Child and influenced Child to make any false accusations.

**{24}** The testimony of MR's dishonesty and poor character is not relevant because it is not probative of whether Child has a history of dishonesty herself and whether she

fabricated allegations against Respondent. Rather, it was an improper attempt to imply that because Child is friends with someone who was dishonest and had a history of fabricating sexual allegations, Child did so here. *See id.* While evidentiary rules favor admission of relevant evidence, as Respondent notes, the testimony provided under these circumstances was not probative of whether Child was sexually assaulted or falsely accused Respondent. *Cf. Arvizo*, 2021-NMCA-055, ¶ 30 (holding that testimony was relevant because it was probative of whether the defendant committed sexual assault).

**{25}** We conclude that the district court abused its discretion in admitting the testimony regarding the credibility of M.R. because it was not probative of a fact of consequence, and thus, was not relevant. *See* Rule 11-401. We do not address the prejudicial impact of this testimony as we are reversing on other grounds.

**CONCLUSION**

**{26}** For the reasons stated above, we reverse and remand for further proceedings consistent with this opinion.

**{27}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**