The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: June 3, 2025

**No. A-1-CA-40963**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**MALCOLM ZEHR,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeffrey Shannon, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Deputy Solicitor General
Mark W. Allen, Assistant Attorney General
Albuquerque, NM

for Appellant

Kathryn J. Hardy Law, LLC
Kathryn J. Hardy
Taos, NM

for Appellee

# OPINION

**BACA, Judge.**

{1}     Defendant Malcolm Zehr was charged in magistrate court with aggravated driving while under the influence of intoxicating liquor or drugs (DWI) and negligent use of a deadly weapon. Following the State's unsuccessful appeal to the district court related to a magistrate court order suppressing evidence, which led to remand to the magistrate court and the State's ensuing dismissal of the charges in magistrate court and initiation of the same case in district court, the district court granted Defendant's motion to dismiss for violation of the time limits set forth in Rule 6-506(B) NMRA. On appeal to this Court, the State argues that the district court erred by granting Defendant's motion to dismiss because Rule 6-506(B)(4) resets the 182-day deadline within which the State must bring Defendant to trial upon remand from an appeal, regardless of whether there is a constitutional or statutory basis to appeal, an issue of first impression. Because we hold that the 182-day deadline within which the state must bring a defendant to trial is not reset upon remand from an appeal filed without any constitutional or statutory basis, we affirm.

## BACKGROUND

{2}     Because a clear understanding of the procedural history for this case is essential to comprehending the resolution of this appeal, we take time here to set out the history of this case in some detail. We begin with the arrest of Defendant on

March 6, 2022. Following his arrest, Defendant was arraigned in magistrate court on March 7, 2022. On June 9, 2022, while awaiting trial on the charges, Defendant filed a motion to dismiss the charges for discovery violations by the State. On July 7, 2022, the magistrate court held a hearing on Defendant's motion to dismiss. At the hearing, the magistrate court found that the State did not comply with its discovery obligations, and rather than dismissing the case, excluded the testimony of certain witnesses and evidence. On July 20, 2022, the magistrate court issued its order excluding the testimony of the witnesses and evidence based on the discovery violations. In an attempt to appeal the magistrate court order excluding evidence, the State filed a notice of appeal in the district court on July 22, 2022. The notice of appeal was also filed in the magistrate court on August 4, 2022.

{3}     The State's notice of appeal was filed in district court cause number D-820-LR-2022-00010 on July 22, 2022. On October 12, 2022, Defendant filed, in district court cause number D-820-LR-2022-00010, a motion to dismiss the State's appeal for lack of subject matter jurisdiction. On October 21, 2022, the district court granted Defendant's motion to dismiss and issued its order dismissing the State's appeal. In its order, the district court found that the State has no constitutional or statutory basis to appeal a magistrate court's suppression order, and that the practical finality exception to the final judgment rule is not applicable to magistrate court suppression orders. *See State v. Heinsen*, 2005-NMSC-035, ¶¶ 1, 8, 12, 22, 30, 138 N.M. 441,

121 P.3d 1040 ("We hold that there is no constitutional or statutory basis for an appeal by the [s]tate from a suppression order of a magistrate court. We also hold the practical finality exception to the final judgment rule is not applicable."). The district court also found that the proper procedure for the State to follow in order to obtain judicial review of a magistrate court's suppression order is to file a nolle prosequi in magistrate court and refile the case in district court. *See id.* ¶ 23 ("At any time prior to trial, the [s]tate may dismiss a case without prejudice by filing a nolle prosequi. . . . Once jurisdiction lies in the district court, the [s]tate can obtain full judicial review of a suppression order."). Consequently, the district court remanded the case to the magistrate court for further proceedings. The district court's order dismissing the State's appeal and remanding to the magistrate court was filed in the magistrate court on October 27, 2022.

{4}     Following remand to the magistrate court, the State filed a notice of dismissal on November 3, 2022, thereby dismissing the charges in the magistrate court. That same day, the State refiled the charges against Defendant in the district court in cause number D-820-CR-2022-00190.

{5}     On December 8, 2022, Defendant filed a motion to dismiss in cause number D-820-CR-2022-00190 for violation of Rule 6-506(B), which requires in relevant part, that a defendant's trial commence in magistrate court within 182 days of either the date of arraignment or the date the mandate or order is filed following a remand

from an appeal, whichever is later. *See* Rule 6-506(B)(1), (4). At the hearing on the motion to dismiss, Defendant argued that an improper appeal cannot restart the 182-day time limit within which the State must bring a defendant to trial in magistrate court. Conversely, the State argued that Rule 6-506(B)(4) resets the deadline within which the State is required to bring Defendant to trial regardless of whether the appeal is valid. In its "Order Granting Defendant's Motion to Dismiss for Violation of Rule 6-506," issued on February 1, 2023, the district court ruled that "an appeal with no constitutional or statutory basis cannot trigger the resetting of the rule date based upon [Rule] 6-506[(B)](4)," and that "the time limits under [Rule] 6-506[(B)] had expired in the magistrate court without the case being brought to trial before the State dismissed and refiled in the district court." Therefore, the district court granted Defendant's motion and dismissed the case against him with prejudice. *See* Rule 6-506(E)(2) ("In the event the trial of any person does not commence within the time limits provided in this rule, including any court-ordered extensions, the case shall be dismissed with prejudice."). The State appeals from this order.

**DISCUSSION**

{6}    The State argues on appeal, as it did below, that the district court erred by granting Defendant's motion to dismiss because Rule 6-506(B)(4) resets the 182-day deadline within which the State must bring Defendant to trial upon remand from an appeal, regardless of whether there is a constitutional or statutory basis to appeal.

The State's argument requires us to interpret Rule 6-506(B). "The proper interpretation of our Rules of Criminal Procedure is a question of law that we review de novo." *State v. Ayon*, 2022-NMCA-003, ¶ 7, 503 P.3d 405 (internal quotation marks and citation omitted), *aff'd*, 2023-NMSC-025, ¶ 2, 538 P.3d 66.

{7}     "When interpreting procedural rules, we seek to determine the underlying intent of our Supreme Court." *Id.* ¶ 7 (internal quotation marks and citation omitted). To determine that intent, "we apply the same canons of construction as applied to statutes." *Id.* "We first look to the language of the rule, and if the rule is unambiguous, we give effect to its language and refrain from further interpretation." *Id.* (internal quotation marks and citation omitted). We also examine the context in which the rule was promulgated, including the history of the rule. *Id.*

{8}     "The application of the plain meaning rule does not, however, end with a formalistic and mechanistic interpretation of [the rule's] language." *State v. Davis*, 2003-NMSC-022, ¶ 6, 134 N.M. 172, 74 P.3d 1064. "Under the plain meaning rule[, rules of criminal procedure] are to be given effect as written without room for construction *unless* the language is doubtful, ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity or contradiction, in which case the [rule] is to be construed according to its obvious spirit or reason." *Id.* (emphasis added). "Additionally, we read the provisions at issue in the context of the [rule] as a whole, including its purposes and consequences." *State v. Farish*,

2021-NMSC-030, ¶ 11, 499 P.3d 622 (internal quotation marks and citation omitted). Finally, we "must interpret a [rule] so as to avoid rendering the [Supreme Court's] language superfluous." *Id.* (internal quotation marks and citation omitted).

{9}     Rule 6-506(B), also known as "the six-month rule," provides in relevant part that "[t]he trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after whichever of the following events occurs latest: (1) the date of arraignment or the filing of a waiver of arraignment of the defendant; . . . [or] (4) in the event of a remand from an appeal or request for extraordinary relief, the date the mandate or order is filed in the magistrate court disposing of the appeal or request for extraordinary relief."

{10}     In this case, if the time period within which the State was required to bring Defendant to trial began on March 7, 2022, the date of Defendant's arraignment, then the time limit to bring Defendant to trial expired on September 5, 2022, before the State dismissed Defendant's case in the magistrate court and refiled in district court, both of which occurred on November 3, 2022. If, however, the time period within which the State was required to bring Defendant to trial restarted on October 27, 2022, the date the district court's order was filed in magistrate court dismissing the State's appeal in cause number D-820-LR-2022-00010 for lack of jurisdiction, then the State had 182 days, or until April 27, 2023, to bring Defendant to trial. This would mean that on November 3, 2022, the State timely dismissed the charges in

magistrate court and refiled them in the district court. For the reasons articulated below, we hold that the 182-day deadline within which the state must bring a defendant to trial is not reset upon remand from an appeal filed without any constitutional or statutory basis. Therefore, we conclude that the time limit to bring Defendant to trial expired in the magistrate court before the State dismissed Defendant's case and refiled in the district court.

{11} The State argues that our interpretation of Rule 6-506(B)(4) should be confined to the plain language, and that "[a]n appeal is an appeal, regardless of whether it is well-taken, and a remand is a remand, regardless of the basis for the appellate decision." The State essentially invites us to conclude that, because our Supreme Court did not expressly state in the language of Rule 6-506(B)(4) that there must be a constitutional or statutory basis for an appeal in order for a remand from that appeal to reset the six-month rule, it did not intend such a requirement. We decline the State's invitation, as it is exactly the type of formalistic and mechanistic reading of the plain language against which our rules of interpretation caution. *See Davis*, 2003-NMSC-022, ¶ 6 ("The application of the plain meaning rule does not, however, end with a formalistic and mechanistic interpretation of [the rule's] language."); *see also State ex rel. Helman v. Gallegos*, 1994-NMSC-023, ¶ 23, 117 N.M. 346, 871 P.2d 1352 ("[C]ourts must exercise caution in applying the plain meaning rule. Its beguiling simplicity may mask a host of reasons why a [rule],

apparently clear and unambiguous on its face, may for one reason or another give rise to legitimate (i.e., nonfrivolous) differences of opinion concerning the [rule's] meaning.").

{12}     Moreover, we believe that injustice and absurdity would result from an interpretation of Rule 6-506(B)(4) that permits the State to unilaterally reset the 182-day deadline within which it must bring a defendant to trial in magistrate court by filing an appeal without any constitutional or statutory basis, thereby obtaining a remand for lack of jurisdiction. Such a construction of the rule would render ineffective and superfluous any actual protection afforded a criminal defendant by Rule 6-506(B). *See Davis*, 2003-NMSC-022, ¶ 6 ("Under the plain meaning rule[, Rules of Criminal Procedure] are to be given effect as written without room for construction unless . . . an adherence to the literal use of the words would lead to injustice[ or] absurdity."); *see also Farish*, 2021-NMSC-030, ¶ 11 (stating that we "must interpret a [rule] so as to avoid rendering the [Court's] language superfluous").

{13}     The State seeks to allay any concerns about the unilateral control it would have over the time within which it must bring a defendant to trial by arguing that a speedy trial motion is an adequate remedy in the face of a knowingly improper appeal made to circumvent the six-month rule. In advancing this argument, the State cites *State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20, noting that in

*Savedra*, our Supreme Court held in the context of dismissal and refiling that any inquiry into whether the state acted in good faith was misguided. *See id.* ¶ 8. Although a speedy trial motion is, of course, an available remedy for a defendant who believes improper delay has occurred, *see* Rule 5-604(B) NMRA, for the reasons that follow we discern that our Supreme Court has manifested its intent that Rule 6-506(B) *supplement* and *facilitate* the right to a speedy trial, and not that a speedy trial motion entirely replace the protections afforded by Rule 6-506(B). Moreover, although the State is correct that, in the context of dismissal of a magistrate court proceeding and refiling in district court, our Supreme Court has held that any inquiry into whether the State acted in good faith was misguided, *Savedra*, 2010-NMSC-025, ¶ 8, our holding today does not inquire into whether or not the State acted in good faith. We explain.

{14}     At the time *Savedra* was penned, Rule 5-604(B) (2009) provided similar time limits for the commencement of trial in district court as the time limits provided by Rule 6-506(B) for the commencement of trial in magistrate court. *Savedra*, 2010-NMSC-025, ¶ 2. Rule 5-604(B) provided, in pertinent part, that "[t]he trial of a criminal case . . . shall be commenced six (6) months after whichever of the following events occurs latest: (1) the date of arraignment, or waiver of arraignment, *in the district court* of any defendant." *Savedra*, 2010-NMSC-025, ¶ 2 (alteration, internal quotation marks, and citation omitted). In *Savedra*, our Supreme Court was

"presented with the recurring issue of how [its] six-month rules should be administered when the [s]tate dismisses charges in magistrate court and subsequently refiles the same charges in district court." *Id.* ¶ 1.

{15}    Our Supreme Court in *Savedra* affirmed the dismissals of the defendants' cases "because they were not brought to trial within the time period required under the magistrate court six-month rule." *Id.* ¶ 5. In doing so, the Court stated that "a literal application of Rule 5-604(B)(1), which would grant the [s]tate a new six-month time period in which to bring the case to trial upon refiling in district court, violates the spirit of the six-month rule." *Savedra*, 2010-NMSC-025, ¶ 5 (alterations, internal quotation marks, and citation omitted). The Court also expressed that it "adopted the six-month rules in order to effectuate a criminal defendant's right to a speedy trial and to assure prompt disposition of criminal cases," and that "the right protected by the six-month rules belongs to a *criminal defendant*, not the [s]tate, the courts, or any other party. To allow the [s]tate a new six-month time period in which to bring a case to trial after refiling would permit the [s]tate to cause delay in bringing [a] defendant to trial after [they were] charged in magistrate court." *Id.* (internal quotation marks and citation omitted). Thus, the Court held that "when charges are dismissed in the courts of limited jurisdiction, . . . and later refiled in district court, the triggering event for six-month rule purposes is the triggering event that occurred

in *the court of limited jurisdiction*, and the six-month time period is not automatically reset upon the refiling." *Id.*

{16} In reaching its holding, the *Savedra* Court was clearly concerned with a literal application of Rule 5-604(B) because it would violate the spirit and purpose of the six-month rule by permitting the state to cause delay in bringing a defendant to trial by resetting the six-month rule after the defendant was charged in magistrate court. We share these concerns in the context of a literal interpretation of Rule 6-506(B), in the circumstances presented to us in this appeal, and we find our Supreme Court's reasoning in *Savedra* instructive as to whether it intended Rule 6-506(B)(4) to grant the state a new six-month time period in which to bring a case to trial on remand from an appeal with no constitutional or statutory basis.

{17} As the State points out, our Supreme Court in *Savedra* expressed dissatisfaction with the "long line of appellate court opinions [that] have sought to preserve the protections of the six-month rule by requiring the [s]tate to demonstrate that its decision to dismiss and refile was not done in bad faith to circumvent the protections of the six-month rule." 2010-NMSC-025, ¶ 3. In *Savedra*, the Court found impermissible the "good faith-bad faith analysis" because it "render[ed] a defendant's right to be promptly tried as a contingent right, one that may provide protection only if the [s]tate had 'bad' reasons for dismissing and refiling." *Id.* ¶ 7. Our Supreme Court went on to explain:

As we have previously stated, the right protected by the six-month rules is a criminal defendant's right, not that of the [s]tate, the courts, or any other party; it is not a tool to punish the [s]tate for dismissing and refiling cases in bad faith, nor should its diminution be a reward for the [s]tate's good behavior. Viewed in that light, the cases in which courts have conducted a "good faith-bad faith" analysis regarding the [s]tate's reasons for dismissing and refiling a case in order to determine if a new six-month time period should be granted are misguided. Instead, any inquiry into the [s]tate's reasons for dismissing and refiling in district court should be done within the context of any speedy trial challenge the defendant may raise after the case is refiled in district court.

*Id.* ¶ 8. Recognizing the "need to revise [its] six-month rules to incorporate [its] decision," our Supreme Court further stated,

Within the context of criminal proceedings in our courts of limited jurisdiction, our six-month rules continue to serve a useful purpose. But in our district courts, the six-month rule has become an unnecessary and sometimes counterproductive method for protecting a defendant's right to a speedy trial. Therefore, effective for all cases pending as of the date this [o]pinion is filed, we withdraw the six-month rule provisions set forth in Rule 5-604(B)-(E) [(2009)]. In its place, defendants may rely upon and assert their right to a speedy trial whenever they believe impermissible delay has occurred; whether that delay is the result of a dismissal and refiling or any other cause.

*Id.* ¶ 9 (citation omitted).

{18}    After the filing of *Savedra*, Rule 5-604(B)(5) now provides:

If the district court does not initially schedule a refiled case within the trial deadline that would have been applicable had the case remained in the lower court, or if the court grants a continuance beyond that deadline, the defendant may move that the court consider whether the case should be dismissed for violation of the defendant's right to speedy trial . . . . This paragraph does not prohibit a defendant from filing a motion to dismiss for violation of the right to a speedy trial even if a trial is scheduled within the trial deadline that would have been applicable had the case remained in the lower court.

**{19}** Although our Supreme Court rewrote Rule 5-604(B) to comply with its holding in *Savedra*, we think it significant that the Court did not abolish nor rewrite Rule 6-506(B) following *Savedra*. We think this makes clear that our Supreme Court intends to retain Rule 6-506(B) and the protections it affords criminal defendants who are first charged in magistrate court. Had the Court intended a speedy trial inquiry to completely replace the protections afforded a criminal defendant by Rule 6-506(B), it would have amended Rule 6-506(B) to eliminate the six-month rule in magistrate court, supplanting it with a speedy trial inquiry, as it did with the district court six-month rule.

**{20}** "The purpose of [Rule 6-506(B)] is to encourage the orderly and prompt disposition of criminal cases, and to guard against lack of preparedness on the part of the state." *State v. Rayburns*, 2008-NMCA-050, ¶ 8, 143 N.M. 803, 182 P.3d 786 (internal quotation marks and citation omitted). Furthermore, "[t]he focus of administration of the six-month rule should be on the defendant and [their] right to have a prompt disposition of [their] criminal charges." *Savedra*, 2010-NMSC-025, ¶ 5.

**{21}** Noteworthy for this discussion, our Supreme Court in 2005, seventeen years before the filing of the complaint in this case, established the proper procedure the State must follow for obtaining review of a magistrate court's suppression order. In *Heinsen*, our Supreme Court stated,

> We hold that there is no constitutional or statutory basis for an appeal by the [s]tate from a suppression order of a magistrate court. We also hold the practical finality exception to the final judgment rule is not applicable, because *the [s]tate may obtain judicial review of such a suppression order by filing a nolle prosequi to dismiss some or all of the charges in the magistrate court after the suppression order is entered and refiling in the district court for a trial de novo.*

2005-NMSC-035, ¶ 1 (emphasis added); *see id.* ¶¶ 22-23.

{22}     Consequently, a holding that would reset the 182-day time limit within which the state must bring a defendant to trial in magistrate court following an appeal lacking a constitutional or statutory basis would be inconsistent with the purpose of Rule 6-506(B) and lead to an absurd result—regardless of whether the state negligently chose the incorrect procedure for appeal or whether the state filed a knowingly improper appeal made to circumvent the six-month rule. In either event, the State failed to orderly and promptly bring Defendant's case to trial.

{23}     In that regard, our holding today does not inquire into the State's motivations for filing an appeal without a constitutional or statutory basis. To the contrary, our holding applies whenever an appeal is taken without a constitutional or statutory basis, regardless of whether the State negligently chose the incorrect procedure, or whether it knowingly filed an improper appeal for purposes of circumventing the six-month rule. Under either circumstance, the time limit within which the state must bring a defendant to trial under Rule 6-506(B) is not reset. Stated simply, Rule 6-506(B) establishes a right that benefits defendants, and it is their interest that is

adversely affected when the resolution of their criminal proceedings are wrongly prolonged.

{24}   For the reasons expressed herein, we hold that the 182-day deadline within which the state must bring a defendant to trial is not reset upon remand from an appeal filed without any constitutional or statutory basis. Therefore, we conclude that (1) the time limit within which the State was required to bring Defendant to trial in magistrate court under Rule 6-506(B) expired before the State dismissed and refiled Defendant's case in the district court; and (2) the district court did not err by granting Defendant's motion to dismiss.

**CONCLUSION**

{25}   We affirm.

{26}   **IT IS SO ORDERED.**


_____
**GERALD E. BACA, Judge**

**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**KATHERINE A. WRAY, Judge**